# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BREEZY JIMENEZ | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-267 |
| | § | (Judge Mazzant/Judge Nowak) |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECUIRTY ADMINISTRATION | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 16, 2017, the report of the Magistrate Judge was entered containing proposed findings of facts and recommendations that the Administrative Law Judge be affirmed. Having received the report and recommendation of the Magistrate Judge (Dkt. #22), having considered each of Plaintiff's timely-filed objections (Dkt. #23), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct; and the Court hereby adopts the Magistrate Judge's report (Dkt. #22) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #22). In summary, on April 17, 2012, and April 20, 2012, respectively, Breezy Jimenez ("Plaintiff") filed applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Title II and XVI of the Social Security Act ("Act"), alleging an onset of disability date of May 30, 2009 [TR at 234, 244]. Plaintiff's applications were initially denied on August 23, 2012, after which

Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id*. at 153-64. The ALJ conducted a hearing on August 26, 2013, and heard testimony from Plaintiff and a vocational expert ("VE"), Mr. James P. Grier. *Id*. at 94-122.

Plaintiff was represented by counsel at the hearing, during which she amended the alleged onset date to December 12, 2010. *Id*. at 96, 233. On September 16, 2013, the ALJ issued an unfavorable decision, denying benefits and finding Plaintiff was not disabled at Step Five of the prescribed sequential evaluation process (discussed *infra*). *Id*. at 19-38. On October 29, 2013, Plaintiff sought review before the Appeals Council. *Id.* at 72-73. The Appeals Council initially denied review on March 25, 2015, but later set aside this action to consider additional information, including a brief filed by Plaintiff's counsel. *Id*. at 1. The Appeals Council again denied review on August 27, 2015, concluding there was "no reason under our rules to review the Administrative Law Judge's decision." The ALJ's decision is the final decision of the Commissioner. *Id*. at 1-7

On April 19, 2016, Plaintiff filed her Complaint in this Court (Dkt. #1). On August 16, 2017, the Magistrate Judge issued a Report and Recommendation (Dkt. #22). On August 30, 2017, Plaintiff filed his Objections to Report and Recommendation of Magistrate Ruling (Dkt. #23).

Plaintiff objects to the Magistrate Judge's recommended findings, stating the report and recommendation is inconsistent with the Fifth Circuit's recent decision in *Kneeland v. Berryhill,* 850 F.3d 749 (5th Cir. 2017). Plaintiff claims the ALJ's written decision does not include a sufficient analysis of the required factors which must be considered under 20 C.F.R. § 404.1527(c) when deciding to disregard or not wholly accept the opinions of Plaintiff's treating or examining sources.

Citing *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017), Plaintiff argues that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(c)(2)." (Dkt. #23 at 3). Plaintiff objects to the Magistrate Judge's Report and Recommendation on the basis that the explanation within the ALJ's decision—"while sufficient to establish controlling weight could not be assigned to Dr. Weinstein's and Dr. Obinnah's opinions—was deficient in [the ALJ's] application of the 20 C.F.R. § 404.1527(c) factors before rejecting their opinions totally." (Dkt. #23 at 2).

As stated by the Magistrate Judge, under 20 C.F.R. § 404.1527(c), when assessing the weight to be afforded to treating physicians, the ALJ considers the examining relationship (20 C.F.R. § 404.1527(c)(1)); the treatment relationship, that is the provider's ability to provide a detailed, longitudinal picture of Plaintiff's medical impairments and examinations considering the length of the treatment relationship and the frequency of examination and the nature and extent of the treatment relationship (*id*. at (c)(2)); whether the opinions are supported by medical evidence (*id*. at (c)(3)); whether the opinions are consistent with the record as a whole (*id*. at (c)(4)); whether the medical opinions are offered by a specialist in the medical field at issue (*id*. at (c)(5)); and other factors which tend to support or contradict the medical opinion (*id*. at (c)(6)). An ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Smith v. Comm'r of Soc. Sec. Admin.*, No. 4:12-cv-625, 2014 WL 4467880, at *3 (E.D. Tex. Sept. 9, 2014) (citing *Qualls v. Astrue,* 339 F. App'x. 461, 466 (5th Cir. 2009)). While the opinions of treating physicians are generally entitled to great weight, reliance on those opinions can be decreased and even rejected by the ALJ for good cause. *Id.* (citing *Greenspan v.*

3

*Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). The ALJ may also disregard statements made by treating physicians which are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Id*. (citing *Greenspan*, 38 F.3d at 236). "When a treating or examining physician's opinions are inconsistent with other substantial evidence in the record, the opinions are not entitled to any specific weight in the ALJ's decision." *Id*. (citing *DeLeon v. Barnhart,* 174 Fed. Appx. 201, 202 (5th Cir. 2006)).

Plaintiff argues that the ALJ decision must be reversed for failing to specifically delineate and address, in the decision itself, the ALJ's § 404.1527(c) analysis for affording only partial weight to the opinions of Plaintiff's treating physicians, Drs. Elena Weinstein and Augustine Obinnah. The ALJ however clearly discusses facts underpinning each of the relevant factors. Again, these factors include: (1) the physician's length of treatment; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Newton*, 209 F.3d at 456. As explained by the Magistrate Judge, the ALJ's decision expressly discusses the examiner and treatment relationship between Plaintiff and Drs. Elena Weinstein and Obinnah, and whether they specialize in the medical issues under treatment. See, 20 C.F.R. § 404.1527(c)(1, 2 and 5). The ALJ's decision states Dr. Elena Weinstein is a rheumatologist who saw Plaintiff in October of 2011, January 2012, and March 2012; and Dr. Obinnah is a physician who saw Plaintiff monthly since March of 2013 (Dkt. #22 at 15)(citing TR at 29-30). Thus as to each physician, their RFC opinions (dated May of 2012 and July of 2013, respectively) were reached after no more than four treatment visits. The ALJ's decision also

discusses whether medical testing or examination results support Plaintiff's claims of disability, whether the treating physicians' opinions are supported by the record as a whole, and any other factors that support or contradict the medical opinions, including Plaintiff's credibility. *See*, 20 C.F.R. § 404.1527(c)(3, 4, and 6).

Unlike *Kneeland*, there is evidence in this case that the ALJ both mentioned and considered Drs. Weinstein and Obinnah's opinions. Indeed, the Magistrate Judge's report and recommendation detailed the ALJ's consideration:

> *As stated in the ALJ's decision*, although Plaintiff complained of severe and debilitating pain, she reportedly takes no pain medication. *The ALJ's opinion outlines* Plaintiff's activities of daily living—all supported by evidence of record—which undermine her reports of intense and frequent physical and mental symptoms that limit her ability to work. *The ALJ's decision* explains that during Plaintiff's treatment by Dr. Alan Weinstein, M.D., Plaintiff's physical complaints were not significant at the outset and they improved thereafter; and during her March 2012 appointment with Dr. Elena Weinstein, Plaintiff reported she was "somewhat fatigued," with intermittent body aches, but her neck was normal, and she had normal gait and station with full range of motion and only eight fibromyalgia tender points. *As stated in the ALJ's decision*, Plaintiff thereafter waited nearly six months before seeing a doctor for symptoms of pain, which the ALJ deemed "wholly inconsistent with what one would expect from someone alleging severe and debilitating symptoms." [TR at 31]. *The ALJ's decision* thoroughly explains the medical examination findings of Plaintiff's treatment providers along with the treatment gaps reflected in Plaintiff's medical records, and *the decision contrasts* this information with Plaintiff's subjective complaints [TR at 29-31].

(Dkt. #22 at 15-16) (emphasis added). Quoting directly from the ALJ's decision, the Magistrate Judge further explains:

> [T]he ALJ assigned Dr. Elena Weinstein's opinions afforded "partial weight as there is no diagnosis within the record to explain why [Plaintiff] must avoid cleaning solvents or cigarette smoke as she has not been diagnosed with asthma or any respiratory condition and there is no evidence to support the number of absences," ([TR] at 31) and she likewise afforded partial weight to Dr. Obinnah's opinions, concluding there was no evidence of record supporting a finding that Plaintiff "would miss 4 or more days a month . . . as [Plaintiff] has received nothing more than intermittent, conservative care." ([TR] at 30).

5

(Dkt. #22 at 17).

As explained in the Magistrate Judge's Report and Recommendation, the ALJ's decision states that based on inconsistencies within Plaintiff's record, the ALJ considered Plaintiff's complaints of pain only partially credible, and the ALJ afforded greater weight to the opinion of Dr. Covington, a physician's assistant "who treated the claimant on a regular basis" and expressed opinions "well supported by objective findings and the record as a whole." (Dkt. #22 at 17) (citing TR at 31).

Contrary to Plaintiff's argument, the ALJ performed an analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527 and properly applied the law. (Dkt. #23 at 3, 6). On the specific facts before the Court herein, the ALJ's written decision is supported by the record, and adequately explains why the ALJ discounted the RFC opinions of Dr. Elena Weinstein and Dr. Obinnah (Dkt.#17 at 22).

## CONCLUSION

Having received the report of the Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #23), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #22) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**, and Plaintiff's case is **DISMISSED** with prejudice.

**SIGNED this 21st day of September, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE